## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **P & S RESTAURANT GROUP, LOUISIANA, LLC** | ) | **CIVIL ACTION NO.** |
| | ) | |
| | ) | |
| **VERSUS** | ) | |
| | ) | |
| **BP PLC, BP PRODUCTS NORTH AMERICA, INC., BP EXPLORATION AND PRODUCTION, INC., HALLIBURTON ENERGY SERVICES, INC., SPERRY DRILLING SERVICES, WEATHERFORD INTERNATIONAL LTD., CAMERON INTERNATIONAL CORPORATION D/B/A CAMERON SYSTEMS CORPORATION and MI SWACO** | ) | **SECTION**<br><br>**MAGISTRATE** |

## COMPLAINT FOR DAMAGES

The Complaint of P & S Restaurant Group, Louisiana, LLC (hereinafter "P&S"), a Louisiana company doing business in Louisiana, who respectfully represents as follows:

1.

Made defendants herein are:

(A)     BP, PLC (BP ENTITY), is a foreign corporation doing business in the State of Louisiana;

(B)     BP PRODUCTS NORTH AMERICA, INC. (BP ENTITY), is a foreign corporation doing business in the State of Louisiana;

(C)     BP EXPLORATION AND PRODUCTION, INC. (BP ENTITY), is a foreign corporation doing business in the State of Louisiana;

(D)     HALLIBURTON ENERGY SERVICES, INC., (HALIBURTON ENTITY), hereinafter referred to as "Halliburton," is a foreign corporation doing business in the State of Louisiana;

(E)     SPERRY DRILLING SERVICES, (HALIBURTON ENTITY), a division of Halliburton, hereinafter referred to as "Sperry," is a foreign corporation doing business in the State of Louisiana;

(F)     WEATHERFORD U.S., L.P., hereinafter referred to as "Weatherford," is a foreign corporation doing business in the State of Louisiana;

(G)     CAMERON INTERNATIONAL CORPORATION D/B/A CAMERON SYSTEMS CORPORATION, hereinafter referred to as "Cameron," is a foreign corporation doing business in the State of Louisiana;

(H)     MI SWACO, is a foreign corporation doing business in the State of Louisiana.

2.

This court has jurisdiction pursuant to: (1) 28 U. S. C. § 1332 because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is brought by a citizen of a state that is different from the state where at least one of the Defendants is incorporated or does business; and (2) 28 U.S.C. § 1331, because the claims asserted herein arise under the laws of the United States of America and pursuant to the provisions of the general maritime law and general maritime products liability law.

3.

At all times pertinent, P&S is a Louisiana company doing business in the State of Louisiana and is engaged in the restaurant and catering business, specifically selling wholesale and retail seafood caught along the coast of Louisiana and Gulf of Mexico and in the "coastal zone," as defined by 43 U.S.C. § 1331(e), including seafood from St. Bernard and Plaquemines Parishes.  Due to the oil contamination and oil slick of the waters of the Gulf of Mexico, as

discussed below, P&S is unable to operate its business because it cannot sell any seafood, which accounts for the majority of it sales.  P&S has suffered, is suffering and will continue to suffer loss of revenue, loss of business, loss of profits, loss of earning capacity and other economic damages under Louisiana Law and the General Maritime Law, which are not covered by the Oil Pollution Act, 33 U.S.C. § 2701, *et seq*., and makes a claim for punitive damages.

4.

Defendants, BP ENTITIES, WEATHERFORD, CAMERON, MI SWACO and HALLIBURTON ENTITIES, are justly and truly indebted unto your plaintiff, P&S, for the following reasons, to-wit:

5.

Defendants employed workers aboard the offshore drilling vessel, MODU *Deepwater Horizon*, a semi-submersible mobile drilling unit that was owned and/or operated and/or chartered and/or controlled by BP ENTITIES at all material times herein.

6.

On or about 10:00 p.m. on April 20, 2010, the vessel, MODU *Deepwater Horizon*, located approximately 50 miles southeast of Venice, Louisiana, was performing drilling operations for crude oil when an explosion occurred on the vessel, causing her crewmembers to jump or be thrown overboard, injuring and/or causing the crewmembers to die.

7.

As a result of the above-described explosion on the MODU *Deepwater Horizon*, and subsequent sinking of the vessel, more than 200,000 gallons per day of crude oil have been pouring out from the oil well and debris of the sunken vessel upon which the MODU *Deepwater Horizon* was performing drilling operations, and from the piping connected to the well and vessel.  The fast-moving oil slick, which has grown to more than 250 miles long by 150 miles

wide, is expanding towards the Louisiana coast, where oil has already made landfall.  It has already caused, is causing and will continue to cause profound damage and destruction upon the Gulf of Mexico's and Louisiana's marine environments, coastal environments and estuarine areas.  These areas are used by Plaintiff to earn revenue.

8.

Defendant herein, HALLIBURTON, prior to the explosion, was engaged in cementing operations of the well and well cap and, upon information and belief, improperly and negligently performed these duties, which was a cause of the explosion.  Defendant herein, SPERRY, prior to the explosion, was engaged in monitoring gas levels and other "measurement while drilling" and "surface data logging" and, upon information and belief, improperly and negligently performed these duties, which was a cause of the explosion.

9.

Defendant herein, WEATHERFORD, prior to the explosion, was engaged in drilling operations and ran the inner production liner, among other operations, and, upon information and belief, improperly and negligently performed these duties, which was a cause of the explosion.

10.

Defendant herein, CAMERON, was a manufacturer of products and equipment, including, but not limited to, the multiplex control system, single and double blow out preventers (BOPs) and wellhead connector on the MODU *Deepwater Horizon* vessel and, upon information and belief, improperly and defectively manufactured these products and equipment, which was a cause of the explosion.

11.

Defendant herein, MI SWACO, was contracted to provide drilling fluid services to the rig MODU *Deepwater Horizon*, owned by Transocean and leased to BP.   MI SWACO, in

conjunction with HALLIBURTON, failed to maintain appropriate drilling fluid weight before and during the cement operation, thus allowing gas to escape and ignite, ultimately resulting in a deadly explosion.

12.

As a result of the above described incidents and on-going oil contamination, the Plaintiff has suffered damages as herein described.

13.

The accident was caused by no fault of the Plaintiff and was caused solely by the negligence and/or recklessness of the defendants as more fully set forth herein.

14.

At all times material hereto, the vessel MODU *Deepwater Horizon* was owned, navigated in navigable waters, manned, possessed, managed, controlled, chartered and/or operated by defendants, BP ENTITIES.

15.

These casualties occurred as a result of the negligence and/or recklessness of defendants, BP ENTITIES, WEATHERFORD, CAMERON, MI SWACO and HALLIBURTON ENTITIES. These acts of negligence and/or recklessness render the defendants liable to the Plaintiff pursuant to under the laws of the United States of America and pursuant to the provisions of Louisiana law, the general maritime law and general maritime products liability law.

16.

Plaintiff sustained damages described herein that were caused by defendants' violation of numerous statutes and regulations, including, but not limited to, statutes and regulations issued by the United States Minerals Management Service (MMS) and the United States Coast Guard.

17.

The above-described incidents were caused solely by the negligence and/or recklessness of defendants, BP ENTITIES, WEATHERFORD, CAMERON, MI SWACO and HALLIBURTON ENTITIES, through their agents, servants and employees, which are more particularly described as follows:

a. Failing to properly operate the MODU *Deepwater Horizon*;

b. Failing to properly supervise employees upon the MODU *Deepwater Horizon*;

c. Failing to properly train and/or supervise Plaintiff and other employees upon the MODU *Deepwater Horizon*;

d. Failing to properly inspect to assure that the MODU *Deepwater Horizon* equipment and personnel were fit and utilized for their intended purpose;

e. Failing to provide sufficient personnel to perform operations aboard the MODU *Deepwater Horizon*;

f. Failing to exercise due care and caution in the operation of the MODU *Deepwater Horizon*;

g. Failing to promulgate, implement and enforce rules and regulations pertaining to the safe operations of the MODU *Deepwater Horizon* at the time of the explosion which, if they had so promulgated, implemented and enforced, would have averted such explosion;

h. Inadequate and negligent training and hiring in the construction and maintenance and operation of the MODU *Deepwater Horizon*;

> i.  Failing to ascertain that the MODU *Deepwater Horizon* was free from defects and/or in proper working order;
>
> j.  Failure to timely bring the release of oil and other substances under control;
>
> k.  Failure to react to danger signs;
>
> l.  Gross negligence and willful violations of Federal statutes, standards and regulations; and
>
> m.  Other acts of negligence which will be shown more fully at trial.

18.

In the further alternative, Plaintiff, reiterating and re-alleging each and every allegation set forth above, as though set forth herein in extenso, avers the applicability of the doctrine of Res Ipsa Loquitur.

19.

In addition, and/or in the alternative, any explosion and resulting oil released was caused by defective equipment which was in the care, custody, and control of Defendants and over which the Defendants had *garde.*  Defendants knew or should have known of these defects and Defendants are, therefore, liable for them.

20.

The damages described herein were also caused by or aggravated by Defendants' failure to properly respond to the release of the oil and take necessary actions to mitigate the danger to the surrounding community and/or to timely and adequately warn of the release of oil, which were foreseeable results.

21.

In addition to the negligent actions described above, and in the alternative thereto, the injuries and damages suffered by Plaintiff were caused by the acts and/or omissions of the Defendants that are beyond proof by the Plaintiff, but which are within the knowledge and control of the Defendants, there being no other possible conclusion that the explosion and release of oil resulted from the negligence and/or gross negligence of Defendants.  Furthermore, the explosion and the resultant oil released would not have occurred had the Defendants exercised a high degree of care and Plaintiff, therefore, pleads the doctrine of the *res ipsa loquitor*.

22.

Plaintiff is entitled to a judgment finding Defendants liable to Plaintiff for damages, including punitive damages, suffered as a result of Defendants' negligence and/or recklessness and awarding Plaintiff adequate compensation in amounts to be determined by the trier of fact.

23.

Plaintiff hereby requests a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, P & S Restaurant Group, Louisiana, LLC, prays that the Defendants be served with a copy of this complaint, and after due proceedings, jointly, severally and *in solido,* as follows:

**WHEREFORE**, Plaintiff, P & S Restaurant Group, Louisiana, LLC, prays that the defendants, BP PLC, BP PRODUCTS NORTH AMERICA, INC., BP EXPLORATION AND PRODUCTION, INC., HALLIBURTON ENERGY SERVICES, INC., SPERRY DRILLING SERVICES, WEATHERFORD U.S., L.P., CAMERON INTERNATIONAL CORPORATION D/B/A CAMERON SYSTEMS CORPORATION, and MI SWACO, be duly cited and served

with a copy of this Complaint and that after due proceedings are had there be judgment rendered herein in favor of the Plaintiff and against defendants, BP PLC, BP PRODUCTS NORTH AMERICA, INC., BP EXPLORATION AND PRODUCTION, INC., HALLIBURTON ENERGY SERVICES, INC., SPERRY DRILLING SERVICES, WEATHERFORD U.S., L.P., CAMERON INTERNATIONAL CORPORATION D/B/A CAMERON SYSTEMS CORPORATION, and MI SWACO, in an amount sufficient to adequately compensate your Plaintiff for its damages, together with legal interest thereon from date of judicial demand until paid, for all costs of this suit and for all general and equitable relief.

**RESPECTFULLY SUBMITTED BY:**

**MARTZELL & BICKFORD, A.P.C.**

S/Scott R. Bickford

_____
**SCOTT R. BICKFORD (T.A. #1165)**
**NEIL F. NAZARETH (#28969)**
**LAWRENCE J. CENTOLA III (# 27402)**
**usdcedla@mbfirm.com**
338 Lafayette Street
New Orleans, LA 70130
(504) 581-9065
(504) 581-7635 Fax

AND

**RONNIE G. PENTON (#10462)**
**The Law Offices of Ronnie G. Penton**
**rgp@rgplaw.com**
209 Hopper Place
Bogalusa, LA 70427
(985) 732-5651
(985) 732-5579 fax

AND

**PAUL M. STERBCOW (#17817)**
**Lewis, Kullman, Sterbcow & Abramson**
**Sterbcow@lksalaw.com**
601 Poydras Street, Suite 2615
New Orleans, Louisiana 70130
(504) 588-1500
(504) 588-1514

AND

**CONRAD S.P. WILLIAMS, II**I **(# 14499)**
**J. CHRISTOPHER ZAINEY, JR. (# 32022)**
**Williams Law Group**
**duke@williamsgroup.org**
435 Corporate Drive, Suite 101
Houma, Louisiana 70360
(985) 876-7595
(985) 876-7594